**WILLIAM MORROW & COMPANY, INC., Plaintiff,**

v.

**Bette DAVIS and Mickey Herskowitz, Defendants.**

**83 Civ. 4566 (KTD).**

United States District Court, S.D. New York.

April 26, 1984.

Robert J. Hawley, Lola Sullivan Reynolds, New York City, for plaintiff.

Gottlieb, Schiff, Ticktin, Sternklar & Harris, P.C., New York City, for defendant Bette Davis; Richard M. Ticktin, Toni Robinson, New York City, of counsel.

John D. Diamond, New York City, for defendant Mickey Herskowitz.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, William Morrow & Company, Inc. ("Morrow") moves for summary judgment on its complaint and for dismissal of defendants' counterclaims. Plaintiff alleges two causes of action: one for breach of contract for defendants' failure to deliver a manuscript "satisfactory to the publisher in form and content," and a second cause of action for money had and received. The second claim concerns money advanced against royalties which were subsequently not realized because of the alleged breach of contract. For the reasons that follow the motion is denied.

This case involves a contractual dispute between a publishing company (plaintiff Morrow), a celebrity (defendant Bette Davis), and a professional writer (defendant Mickey Herskowitz). Herskowitz was engaged to assist Ms. Davis in writing a book. The contract between plaintiff and defendants required defendants to deliver by October 15, 1981, a manuscript described as an "Untitled first person autobiography of Bette Davis by Bette Davis with Mickey Herskowitz." Plaintiff asserts that such a manuscript was never delivered, defendant Herskowitz asserts that it was delivered, and defendant Davis claims that plaintiff prevented its delivery by breaching a contractually implied covenant of good faith and fair dealing. The inappro-

---

priateness of summary judgment is readily apparent.

The crux of the dispute concerns what written product is a manuscript "satisfactory to plaintiff in form and content." The interpretation of such a contractual term is dependent on the contracting parties' intent. *See* 3A Corbin, Contracts, § 563 at 360. "[D]iscerning contractual intent ... '[w]here contractual language is susceptible of at least two fairly reasonable interpretations ... presents a triable issue of fact, and summary judgment would be improper.'" *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir.1975) (quoting *Aetna Casualty & Surety Co. v. Giesow,* 412 F.2d 468, 471 (2d Cir.1969)).

A short review of the parties' arguably reasonable contentions will illustrate the factual dispute. Defendant Davis claims that when she first approached plaintiff's representative Howard Cady in reference to her publishing a book, Cady suggested that she write a "conventional" autobiography. According to Davis, she rejected this proposal because she didn't want to rehash material discussed in her previous autobiography of twenty years earlier entitled "The Lonely Life." Rather, this new book in essence was to be her thoughts and impressions, as well as description of events of importance in her life.

Morrow, on the other hand, asserts that the book was to be a conventional autobiography. In its editorial comments to an early draft segment, Morrow suggests to both defendants that a more chronological and self-inclusive book should be written. According to the editor, Cady, knowledge of Ms. Davis' early life as described in "The Lonely Life" should not be necessary to an understanding of the new book.

Finally, according to Herskowitz, a more chronological and self-contained manuscript *was* thereafter drafted. Herskowitz maintains that the book as delivered was satisfactory to plaintiff, but that defendant Davis refused to authorize the book. According to Herskowitz the real dispute involves Davis' failure to authorize the manuscript.

Davis asserts, on the other hand, that plaintiff pressured Herskowitz into writing a book in line with plaintiff's original request, which Davis had rejected. Therefore, Davis contends, plaintiff brought about the creation and the delivery of a manuscript unacceptable to her, and breached its duty of good faith and fair dealing.

The meaning of "autobiography" is capable of all three reasonable interpretations proffered by the three parties. As such, a material factual issue remains unresolved, and summary judgment is inappropriate. *See D.C. Comics, Inc. v. Reel Fantasy, Inc.,* 696 F.2d 24, 26–27 (2d Cir.1982).

Plaintiff's motion is denied.

SO ORDERED.